**Tan Bin YU, Petitioner,**

v.

Alberto GONZALES,* Respondent.

Docket No. 03–40707.

United States Court of Appeals,
Second Circuit.

Sept. 19, 2005.

Thomas V. Massucci, New York, NY, for Petitioner.

Wayne T. Ault, Assistant United States Attorney (Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, on the brief), Hammond, IN, for Respondent.

Present: CARDAMONE, McLAUGHLIN and POOLER, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition be and it hereby is **DENIED.**

Petitioner Yu, Tan Bin petitions for review of an order of the Board of Immigration Appeals denying Yu's motion to reopen his removal proceedings to submit new evidence relevant to his asylum claim. We assume the parties' familiarity with the facts, proceedings below, and specification of issues in the present petition.

We review the denial of a motion to reopen for abuse of discretion. *Zhao v. DOJ,* 265 F.3d 83, 92–93 (2d Cir.2001). A motion to reopen must present the new facts sought to be presented in the reopened proceedings and must be supported by affidavits or other evidentiary material. 8 C.F.R. § 1003.2(c)(1). The evidence must be material evidence that was not available or discoverable at the time of the original hearing. *Id.* The motion must be made within 90 days of the date of the original decision, *id.* § 1003.2(c)(2), but this deadline will not apply where the alien shows changed circumstances in the country of removal, *id.* § 1003.2(c)(3)(ii).

Yu correctly notes that the BIA is required to issue reasoned opinions in deciding motions to reopen. *See Twum v. INS,* 411 F.3d 54, 61 (2d Cir.2005). Here, the BIA reasoned that Yu's motion was filed beyond the 90–day deadline, and construed Yu's motion as seeking to meet the changed circumstances exception. The BIA then held that Yu had not established

the United States. See Fed. R.App. P. 43(c)(2).

changed circumstances in China. Yu argues that this is insufficient to support the denial of his motion. However, Yu's motion was not accompanied by any evidentiary materials, not even the Amnesty International report that he cited. In light of the total absence of evidentiary material, we see no abuse of discretion in the BIA's lack of further explanation.

For the above reasons, we deny the petition for review.